No. 12,832.

In re House Resolution No. 12, Relating to the Constitutionality of an Income Tax Measure.

(298 Pac. 960)

Decided April 18, 1931.

*Opinion Per Curiam.*

This court is in receipt of House Resolution No. 12 of

the House of Representatives of the 28th General Assembly now in session, adopted and transmitted under that portion of section 3, article VI of our Constitution which reads: ''The supreme court shall give its opinion upon important questions upon solemn occasions when required by the governor, the senate, or the house of representatives;''

This resolution sets forth that ''there is now pending before the 28th General Assembly a proposed income tax law which has passed the House on 3rd reading''; that the constitutionality of such a law ''has been questioned''; and that the House has obtained from the Attorney General an opinion upholding said constitutionality, which opinion is attached. It next recites the reasons for the passage of the act and states the necessity for an opinion of this tribunal. Then follows the request of ''the House of Representatives'' that we decide, ''for the direction and guidance of the General Assembly and the Governor,'' three questions, i. e., 1. Has the legislature authority to adopt a flat or graduated income tax? 2. Has it authority to use the proceeds thereof for certain specified purposes? 3. Has it authority to provide certain exemptions therefrom?

We have held that said section 3 authorizes an inquiry by the House or Senate only when a bill involving a constitutional or publici juris question is before the body. In Re Senate Bill No. 416, 45 Colo. 394. Also that it authorizes an inquiry by the Governor only when such a bill has been passed by both House and Senate, and is before him for signature. In Re Executive Questions, 50 Colo. 84, 114 Pac. 298.

Assuming, but not deciding, that these questions are such as are contemplated by the Constitution, the ''solemn occasion'' has passed, or has not arisen. The bill is no longer before the House, and will never again be if its action be rejected or approved in toto by the Senate. The latter may be unanimously of the opinion that the bill is or is not constitutional. If so, no such ''occasion''

will confront that body. If otherwise, the Senate may not wish our opinion. If the Senate rejects the bill no question in relation thereto can confront the Governor. If it passes the bill, he may not wish our opinion.

Since said constitutional provision is our only authority for answering questions not presented in litigated cases, and since these interrogatories do not fall within that section, we respectfully request that the Honorable House of Representatives withdraw them.